# Supreme Court of Florida

_____

No. SC18-1208

_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**CARL LEWIS BURNS,**
Respondent.

June 2, 2022

CANADY, C.J.

We have for review *Burns v. State*, 43 Fla. L. Weekly D1569, 2018 WL 3371723 (Fla. 1st DCA July 11, 2018), in which the First District cited *Holton v. State*, 573 So. 2d 284, 292 (Fla. 1990), for the proposition that "[a] trial court cannot base a sentence on the defendant's choosing to maintain innocence" because "a trial court's use in sentencing of defendant's assertion of innocence violates due process rights." *Burns*, 43 Fla. L. Weekly at D1570, 2018 WL 3371723, at *2. Despite the fact that Burns gave a sworn confession to the crimes of which he was convicted, which he

retracted during his trial testimony, the district court felt

"constrained to reverse his sentence because the trial court

improperly relied on [his] subsequent claim of innocence" in

imposing his sentence. *Id.* The First District thus vacated Burns's

aggregate 300-year sentence and remanded for resentencing but

certified the following question to be one of great public importance:

> MAY A SENTENCING COURT RELY ON A DEFENDANT'S
> LACK OF REMORSE AFTER THE DEFENDANT HAS
> GIVEN A POST-MIRANDA, SWORN CONFESSION TO
> THE CRIME AND HAS OBVIOUSLY LIED UNDER OATH
> AT TRIAL ABOUT HIS GUILT?

*Id.*, 2018 WL 3371723, at *3. We have jurisdiction. *See* art. V,

§ 3(b)(4), Fla. Const.

We stayed the present case pending disposition of *Davis v.*

*State*, 332 So. 3d 970 (Fla. 2021), in which we addressed the

following similar rephrased certified question:

> DOES A TRIAL COURT, WHEN IMPOSING A SENTENCE
> ON A DEFENDANT WHO HAS VOLUNTARILY CHOSEN
> TO ALLOCUTE AND MAINTAIN HIS INNOCENCE AT THE
> SENTENCING HEARING, VIOLATE THE DEFENDANT'S
> DUE PROCESS RIGHTS BY CONSIDERING THE
> DEFENDANT'S FAILURE TO TAKE RESPONSIBILITY FOR
> HIS ACTIONS?

*Davis*, 332 So. 3d at 973-74.

In answering the rephrased question in *Davis* in the negative, we concluded that "*Holton*'s broad, unqualified statement that 'using a protestation of innocence against a defendant' 'violates due process' " "constitutes dicta that we expressly disapprove." *Id.* at 975 (quoting *Holton,* 573 So. 3d at 292). We thus directed Burns in the present case to show cause why we should not exercise our jurisdiction, summarily quash the decision being reviewed, and remand for reconsideration in light of our decision in *Davis.* Upon consideration of Burns's response to the order to show cause and the State's reply thereto, we have determined to do just that.

Burns's argument in his response that *Davis* is inapplicable to the facts of *Burns* because Burns did not voluntarily choose to allocute at his sentencing hearing is unpersuasive. Burns has read *Davis* too narrowly.

In *Davis,* we "h[e]ld that when a defendant voluntarily chooses to allocute at a sentencing hearing, the sentencing court is permitted to consider the defendant's freely offered statements, including those indicating a failure to accept responsibility." *Id.* at 978. While this holding was narrowly tailored to the facts presented in *Davis,* our reliance on the United States Supreme

Court's decision in *United States v. Grayson*, 438 U.S. 41 (1978), confirms that the principles of *Davis* are not limited to statements made only during an allocution.

In *Grayson*, the Court

> reaffirm[ed] the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.

438 U.S. at 55. Thus, under *Grayson*, a judge may evaluate whether a defendant's in-court statements contained falsehoods and, if so, assess that fact along with all of the other sentencing considerations.

We concluded our analysis in *Davis* with this sentence: "Just as in *Grayson*, the sentencing judge here was entitled to consider testimony that indicated the defendant's unwillingness to accept the truth and to take responsibility for his own conduct." *Davis*, 332 So. 3d at 978. Thus, although the "freely offered statements" on which the trial court relied in sentencing Burns were made during trial rather than an allocution, the court was similarly under no

obligation to ignore them and was permitted to consider them in imposing the sentence. *See id.*

We have already accepted jurisdiction by order. The decision under review is quashed, and this matter is remanded to the First District for reconsideration upon application of this Court's decision in *Davis.*

No motion for rehearing will be entertained by the Court.

It is so ordered.

LAWSON, MUÑIZ, and COURIEL, JJ., concur.
GROSSHANS, J., concurs in result only with an opinion.
POLSTON and LABARGA, JJ., dissent.

GROSSHANS, J., concurring in result only.

Because Burns' response to our show cause order lacks merit, I concur with the majority in quashing the First District's decision and remanding for reconsideration in light of *Davis.* However, the majority's opinion goes further. It addresses the scope of *Davis*, discusses the effect of *Grayson* on *Davis*, and finds the sentencing court's consideration of Burns' statements to be proper. Majority op. at 4-5 ("Thus, although the 'freely offered statements' on which the trial court relied in sentencing Burns were made during trial rather than an allocution, the court was similarly under no

- 5 -

obligation to ignore them and was permitted to consider them in imposing the sentence." (citing *Davis v. State*, 332 So. 3d 970, 978 (Fla. 2021))).  Yet, despite undertaking this analysis, the majority ultimately remands for reconsideration under *Davis*.  Consequently, there is little left for the district court to do on remand other than accept the majority's suggested holding.

In my view, having previously accepted jurisdiction, it would have been proper for us to either issue an opinion fully deciding the case after supplemental briefing or summarily quash the decision below and remand for reconsideration.  Since the majority has not chosen either course, I concur in result only.

Application for Review of the Decision of the District Court of Appeal
    Direct Conflict of Decisions/Certified Great Public Importance

    First District – Case No. 1D16-5113

    (Washington County)

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, Jason W. Rodriguez and Virginia Chester Harris, Assistant Attorneys General, Tallahassee, Florida,

    for Petitioner

Jessica J. Yeary, Public Defender, and David A. Henson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

    for Respondent